### OSTRANDER *v.* WASHBURN *et al.*

*(Supreme Court, General Term, Third Department. May 21, 1891.)*

BOUNDARIES—EVIDENCE—DIVISION FENCE.

> In an action involving the location of the dividing line between the lands of plaintiff and one M. it appeared that a continuous straight line formed the north boundary of both tracts and the south boundary of the land of one E. E. testified that he had divided the division fence with plaintiff and M., and that for 50 years he had begun at a white oak, which plaintiff claimed as his north-east corner, and built the east half of the fence between the land of himself and plaintiff, and the west half of the fence between the land of himself and M. On cross-examination it appeared E. built half of the fence between his land and that of plaintiff and M., and that the part so built by him was on both sides of the oak, but that neither party had ever spoken of the oak as the point of division. *Held*, that the testimony of E. should have been stricken out on defendants' motion.

Appeal from circuit court, Ulster county.

Action by Ann C. Ostrander against John T. Washburn and Richard C. Washburn. Judgment was entered on a verdict for plaintiff, and defendants appeal.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Peter Cantine*, for appellants. *John E. Van Etten*, for respondent.

LANDON, J. The defendants appeal from a judgment entered upon the verdict of a jury against them. They were charged with cutting trees standing upon the plaintiff's land, and taking the wood away. The defendants claim under McGinnis, their vendor of the standing trees. The plaintiff and McGinnis own adjoining farms in the town of Saugerties, Ulster county. The determination of the action depends upon the location of the boundary line. Both parties rely upon a deed to plaintiff's ancestor, given in 1835, for a description of the boundary. The description begins at a pitch-pine tree standing in the boundary, and, after 19 courses and distances, ends there. The stump of the tree is still standing. The plaintiff claims that a white oak tree standing about 900 feet northerly of the pine tree is the north-east corner of her farm. The disputed boundary and *locus in quo* depend upon the location of this corner. The surveys given in evidence on the part of the plaintiff make the white oak tree the corner, but the testimony shows that the surveyors adapted their surveys to the corner, and then adjusted the courses and distances given in the deed accordingly. Their testimony tends to support the reliability of their surveys. The survey made by the defendants' surveyor seems to us to be the more reliable. The thirteenth course in the survey runs along a fence, which both sides conceded to be the line, "to the west side of the stage road leading from Kingston to Saugerties," quoting from the deed. That established line enabled the surveyor to obtain the variation of the needle. Starting from that fixed point on the west side of the stage road, using that variation, following the courses and distances according to the calls of the deed, confirmed by an established line for the length of one intermediate course, he reached the pitch-pine tree in due course. This left the disputed corner 32½ feet west of the white oak tree, and gave McGinnis the land in dispute. Other evidence was given on the part of the plaintiff tending to show the practical recognition of the white oak tree as the corner. The north line of the plaintiff's farm and the north line of the farm of McGinnis are in a continuous straight line, and together form the south boundary of the farm of Edwin Myer. Myer testified in plaintiff's behalf, notwithstanding defendants' objection, that he and McGinnis had divided their division fence between them, and he (Myer) had for 50 years built the westerly half

of it, beginning at the white oak in question, and extending easterly. He also testified, notwithstanding like objection, that he had built his part of the division fence between his land and that of the plaintiff, beginning at the same oak, and extending westerly. Upon cross-examination it appeared that the witness had built his part of the division fence between his farm and the other two farms, and that the part he built was on both sides of the oak, and that neither party had ever spoken of the oak as the point of division between them, or as indicating where Myer's share of the division fence began and ended. Defendants' counsel moved to strike out his testimony given on the plaintiff's examination, and the motion was denied. We think it should have been stricken out. It seemed to make it appear that the oak was a recognized corner between the lands of plaintiff and McGinnis, when in fact there was nothing more than that the witness had built upon both sides of the oak, and that he probably supposed it was the corner between their lands. It was in fact immaterial, but it was likely to mislead the jury. Judgment reversed; new trial granted; costs to abide the event. All concur.